UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**KAREN HYLTON-BROWN,**<br><br>Defendant. | Case No.: 23-cr-262 (CKK) |

**GOVERNMENT'S MOTION *IN LIMINE*
TO PRECLUDE IMPROPER ARGUMENT**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves this Court to limit improper defense argument, including arguments that will not be supported by evidence admitted at trial. The sole charge in this case is a violation of 18 U.S.C. § 111 (Assault of a Federal Officer). The elements of this statute are limited. Specifically, it is a general intent crime, which does not require proof that a defendant knew an individual was a federal officer, intended to harm a federal officer, or even proof that a defendant actually harmed a federal officer. Accordingly, defense counsel should be precluded from arguments suggesting additional or heightened elements or inviting juror nullification. Additionally, defense counsel should be precluded from offering arguments—particularly in opening—as to Ms. Hylton-Brown's state of mind unless Ms. Hylton-Brown intends to testify.

**BACKGROUND**

On December 21, 2022, the jury in *United States v. Terence Sutton and Andrew Zabavsky*, presided over by the Honorable Paul L. Friedman, returned a guilty verdict against the defendants for second-degree murder, among other charges, for their role in the death of Karon Hylton-Brown.

1

Ms. Karen Hylton-Brown, the mother of the decedent, was present in the courtroom as she had been during most of the trial.

Given the high-profile nature of the case, and the fact that Ms. Hylton-Brown and others had caused disturbances in the courtroom in the past, additional U.S. Marshals were assigned to the courtroom to provide security. Prior to Judge Friedman taking the bench, marshals in the courtroom observed Ms. Hylton-Brown behaving in an agitated manner.

As Judge Friedman took the bench, he instructed the courtroom that he expected everyone in the courtroom to remain civil regardless of the jury's verdict. As the verdict was read by the foreperson, Ms. Hylton-Brown began to angrily and violently shake her hand in the air, snap her fingers, and shout. Marshals in the courtroom, all in uniform, instructed Ms. Hylton-Brown to stop. She did not. Ms. Hylton-Brown was instructed by a marshal that she would be removed if she did not stop shouting. Ms. Hylton-Brown briefly stopped, but then began shouting again. In response, Judge Friedman ordered the marshals in the courtroom to remove Ms. Hylton-Brown from the courtroom. The marshals escorted Ms. Hylton-Brown out of the courtroom. As they did, she continued to yell curses at the defendants. As Hylton-Brown and the marshals approached the courtroom doors, Hylton-Brown lunged towards Deputy U.S. Marshal Aaron Smith, and forcibly pushed him with both arms in the chest. Smith was pushed backwards into a wall. Ms. Hylton-Brown was arrested and charged with one count of Assaulting a Federal Officer in violation of 18 U.S.C. § 111.

Following this incident, Deputy U.S. Marshal Aaron Smith continued to feel pain in his chest and sternum and went to urgent care. He was x-rayed and prescribed muscle relaxers and pain medication.

## ARGUMENT

To prove that Ms. Hylton-Brown violated 18 U.S.C. § 111, the Government must prove that: (1) Ms. Hylton-Brown forcibly assaulted a federal law enforcement officer; (2) this occurred while the officer was engaged in the performance of his official duties; and (3) she did so voluntarily, and not by accident or mistake. *See Potter v. United States*, 691 F.2d 1275, 1280 (8th Cir. 1982). Our courts have long recognized that to prove a violation of 18 U.S.C. § 111, the Government does not need to prove that a defendant intended to assault a federal officer. "All the statute requires is an intent to assault, not an intent to assault a federal officer." *United States v. Feola*, 420 U.S. 671, 684 (1975). Put differently, a defendant does not have to be aware that their victim is a federal officer. *Id.*

Additionally, "the statue may be violated . . . by minimal physical contact. *United States v. Hernandez*, 921 F.2d 1569, 1577 (11th Cir. 1991). Courts have affirmed convictions for violations of Section 111 for fairly trifling assaults and even where there was no physical contact whatsoever. *See, e.g.*, *United States v. Fernandez*, 837 F.2d 1031, 1035 (11th Cir. 1988) (chasing and bumping into official); *United States v. Sommerstedt*, 752 F.2d 1494, 1496 (9th Cir.), *amended by* 760 F.2d 999 (9th Cir.), *cert. denied,* 474 U.S. 851 (1985) (jolting arm and shoulder); *United States v. Frizzi,* 491 F.2d 1231 (1st Cir. 1974) (spitting); *United States v. Walker*, 835 F.2d 983, 987 (2d Cir. 1987) (forcible assault may be "established by proof of threats rather than by proof of actual touching"); *United States v. Bamberger*, 452 F.2d 696, 699 (2d Cir. 1971), *cert. denied,* 405 U.S. 1043, (1972) (incidental touching or no touching); *Burke v. United States*, 400 F.2d 866, 867–68 (5th Cir. 1968), *cert. denied*, 395 U.S. 919 (1969) (affirming jury instruction that an "assault may be committed without actually touching, striking, or committing bodily harm to another.")

3

Given the circumscribed nature of the elements of this offense, defense counsel should be precluded from suggesting in opening statements or otherwise that there are any additional elements of this offense, or from otherwise arguing in a manner to encourage jury nullification. As the D.C. Circuit has made clear:

> A jury has no more "right" to find a "guilty" defendant "not guilty" than it has to find a "not guilty" defendant "guilty," and the fact that the former cannot be corrected by a court, while the latter can be, does not create a right out of the power to misapply the law. Such verdicts are lawless, a denial of due process and constitute an exercise of erroneously seized power.

*United States v. Washington*, 705 F.2d 489, 494 (D.C. Cir. 1983). Evidence that only serves to support a jury nullification argument or verdict has no relevance to guilt or innocence. *See United States v. Gorham*, 523 F.2d 1088, 1097-98 (D.C. Cir. 1975); *see also United States v. Funches*, 135 F.3d 1405, 1409 (11th Cir. 1998) ("No reversible error is committed when evidence, otherwise inadmissible under Rule 402 of the Federal Rules of Evidence, is excluded, even if the evidence might have encouraged the jury to disregard the law and to acquit the defendant").

Specifically, defense counsel should be precluded from arguing that Ms. Hylton-Brown did not realize that Deputy Marshal Smith was a federal officer, did not intend to assault a federal officer, or that the physical assault of Deputy Marshal Smith was *de minimis* or insubstantial. While these arguments may have some relevance at sentencing, they have no bearing on whether Ms. Hylton-Brown violated Section 111 and would invite jurors to nullify based on impermissible considerations outside the elements of this offense.

Additionally, references to the Government's decision to prosecute Ms. Hylton-Brown and any potential punishment of Ms. Hylton-Brown have no bearing on the elements of this offense, are not a defense to this offense, and only invite nullification. *See United States v. Bell*, 506 F.2d 207, 226 (D.C. Cir. 1974) ("evidence which has the effect of inspiring sympathy for the defendant

or for the victim … is prejudicial and inadmissible when otherwise irrelevant") (internal citation omitted); *United States v. White*, 225 F. Supp. 514, 519 (D.D.C 1963) ("The proffered testimony (which was clearly designed solely to arouse sympathy for defendant) was thus properly excluded.") Therefore, any arguments or questioning concerning the choice to prosecute Ms. Hylton-Brown or potential punishment should also be precluded.

Finally, it is improper for a party to refer in opening or closing arguments to evidence that is not admitted at trial. "The D.C. Circuit 'has long made clear that statements made in opening and closing arguments to the jury must be supported by evidence introduced at trial." *Democracy Partners, LLC v. Project Veritas Action Fund*, No. CV 17-1047 (PLF), 2021 WL 4785853, at *7 (D.D.C. Oct. 14, 2021). To the extent that defense counsel intends to make arguments related to Ms. Hylton-Brown's state of mind, Ms. Hylton-Brown must testify. No other witness—certainly none of the Government's witnesses—can testify as to what Ms. Hylton-Brown was thinking or feeling during this offense. Therefore, defense counsel should be precluded from arguing—particularly in opening—about Ms. Hylton-Brown's state of mind, unless Ms. Hylton-Brown intends to testify.

## CONCLUSION

For all the foregoing reasons, the Government requests that the Court preclude improper defense argument, including any arguments that will not be supported by evidence admitted at trial.

                            Respectfully submitted,

                            MATTHEW M. GRAVES
                            UNITED STATES ATTORNEY
                            D.C. Bar No. 481052

By:         */s/ Cameron A. Tepfer*
               Cameron A. Tepfer
               D.C. Bar No. 1660476
               Shehzad Akhtar
               D.C. Bar No. 493635
               Assistant United States Attorneys
               601 D Street NW
               Washington, D.C. 20530
               202-258-3515
               Cameron.Tepfer@usdoj.gov