UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,  )
                            )
    v.                      )      No. 23-cr-262 (CKK)
                            )
KAREN HYLTON-BROWN,         )
                            )
        Defendant.          )
                            )

## DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE IMPROPER ARGUMENT

Defendant, Karen Hylton-Brown, opposes the government's motion in limine regarding argument it deems improper.  In particular, Ms. Hylton-Brown respectfully requests that the Court reject the government's motion to the extent that it asks this Court to prohibit defense counsel from mentioning at trial the relatively *de minimis* nature of the alleged assault; and to limit defense counsel's opening statement absent a guarantee that Ms. Hylton-Brown will testify at trial. The government seems to forget that Ms. Hylton-Brown is presumed innocent, she has a constitutional right to a defense, the constitutional right to remain silent, and it is the government's burden to prove each and every element of the offense.

## ARGUMENT

The sole charge in this case is a misdemeanor violation of 18 U.S.C. § 111(a)(1), which proscribes the forcible assault of certain federal officers engaged in the performance of their official duties.  To impose criminal liability, the forcible assault must be intentional.  *See United States v. Arrington*, 309 F.3d 40, 44-45

1

(D.C. Cir. 2002); *see also United States v. Feola*, 420 U.S. 671, 686 (1975) ("We hold, therefore, that in order to incur criminal liability under § 111 an actor must entertain merely the criminal intent to do the acts therein specified.").  In other words, an accidental or involuntary contact with an officer is insufficient.

As an initial matter, defense counsel acknowledges that (1) there is no requirement in § 111(a)(1) that a defendant know the alleged victim is a federal officer; and (2) that arguing for jury nullification is improper.  Defense counsel will abide by the law, just as we assume the government will.  The government has made no proffer suggesting defense counsel will abandon that duty.

More importantly, Ms. Hylton-Brown has a right to refer to the degree of force allegedly used against officers.  Although minimal physical contact may be sufficient to prove § 111's *actus reus*, the nature and extent of the alleged physical contact is still relevant to the defendant's *mens rea*.  Compare, for example, a defendant who uses a closed fist to punch an officer in the face and a defendant who brushes an officer's shoulder in a crowded room.  One of those events is far more likely to be intentional rather than accidental.  *See, e.g.*, *United States v. Ettinger*, 344 F.3d 1149, 1158 (11th Cir. 2003) (where defendant struck officer in the back of the head, "the act itself [is] a clear indication of a deliberate intentional act and not an honest mistake or accident").  Accordingly, Ms. Hylton-Brown has the right to argue that the trifling nature of the alleged contact is evidence relevant to whether she lacked the necessary *mens rea* for the charged offense.

Finally, this Court should reject the argument that defense counsel's opening

statement may not include references to Ms. Hylton-Brown's state of mind unless

the defendant guarantees pretrial that she will testify in her own defense.  First,

the government's underlying proposition for that assertion—that "[n]o other

witness—certainly none of the Government's witnesses—can testify as to what Ms.

Hylton-Brown was thinking or feeling during the offense," ECF 21 at 5—is flawed.

For example, in this very motion, the government contends that the marshals

"observed Mrs. Hylton-Brown behaving in an agitated manner," and that she was

"angrily and violently shak[ing] her hand in the air" before the alleged assault.  *Id.*

at 2.  A reasonable juror could infer Ms. Hylton-Brown's state of mind from such

testimony as well as from evidence about the underlying circumstances in the

courtroom that day.  *See, e.g.*, *United States v. Hurt*, 527 F.3d 1347, 1351 (D.C. Cir.

2008) ("courts often infer state of mind on the basis of circumstantial evidence"); 1

Criminal Jury Instructions for DC Instruction 3.101 ("Someone's [intent]

[knowledge] [insert other appropriate state of mind] ordinarily cannot be proved

directly, because there is no way of knowing what a person is actually thinking, but

you may infer someone's [intent] [knowledge] [other appropriate state of mind] from

the surrounding circumstances.").  Thus, it is simply incorrect to insist that the only

way for Ms. Hylton-Brown to prove her mental state would be through her own

testimony.

Moreover, this Court should be wary of any argument that conditions a valid

defense on whether the defendant intends to testify or requires pretrial disclosure of

the defendant's decision in that regard.  "[A] criminal defendant has an 'absolute

right not to testify,'" and "need not take the stand and assert the privilege [against self-incrimination] at h[er] own trial." *Salinas v. Texas*, 570 U.S. 178, 184 (2013) (quoting *Turner v. United States*, 396 U.S. 398, 433 (1970) (Black, J., dissenting)). A defendant maintains that right unless and until she testifies. *Malloy v. Hogan*, 378 U.S. 1, 8 (1964) ("[T]he Fifth Amendment guarantees against federal infringement . . . the right of a person to remain silent unless he chooses to speak in the unfettered exercise of his own will."). And the decision whether to testify is a highly strategic one that will be influenced by other evidence presented at trial. *Brooks v. Tennessee*, 406 U.S. 605, 610 (1972) ("[A] defendant may not know at the close of the State's case whether his own testimony will be necessary or even helpful to his cause."); *id.* at 612 (A statute "violates an accused's constitutional right to remain silent insofar as it requires him to testify first for the defense or not at all."). Accordingly, where, as here, there is other evidence of a defendant's mental state, the Court should not condition reference to that mental state on a guarantee that the defendant will testify.

## CONCLUSION

For these reasons, Ms. Hylton-Brown respectfully requests that the Court deny the government's motion.

Respectfully submitted,

A. J. KRAMER
FEDERAL PUBLIC DEFENDER

/s/

Alexis Morgan Gardner
Assistant Federal Public Defender
625 Indiana Avenue, N.W.,
Suite 550
Washington, D.C.  20004
(202) 208-7500
Alexis_Gardner@fd.org